UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2004

Michael N. Milby, Clerk
Laredo Division

GERMAN HERNANDEZ GARCIA   §
INDIVIDUALLY AND AS REPRESENTATIVE   §
OF THE ESTATE OF HERLINDA GUTIERREZ   §
GUTIERREZ, DECEASED; AND AS NEXT   §
FRIEND OF LINDA EDIURNE HERNANDEZ   §
DE GUTIERREZ, MINOR   §
  §
MARIA TERESA HERNANDEZ GARCIA,   §
INDIVIDUALLY AND AS NEXT FRIEND   §
OF TANIA GOMEZ HERNANDEZ, MINOR   §
  §
JAIME HERNANDEZ DURAN, INDIVIDUALLY   §
AND AS REPRESENTATIVE OF THE ESTATE   §
OF TERESA GARCIA MARTINEZ   §
  §
                Plaintiffs,   §
v.   §
  §
FIRESTONE, INC.   §
And FORD MOTOR COMPANY   §
  §
                Defendants.

CIVIL ACTION

NO. _L-04-CV-11_

## INDEX OF MATTERS BEING FILED WITH NOTICE OF REMOVAL

1.   Docket sheet from underlying state court action

2.   All executed process in state court file

3.   Plaintiff's Original Petition

4.   Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Motion to Dismiss Under the Doctrine of Forum Non Conveniens, Original Answer, Special Exception, Pleas Against Capacity and Reliance on Jury Demand

5.   Notice of Calendar Call

6.   List of Counsel of Record

7.   Bridgestone/Firestone North American Tire, L.L.C.'s Consent to Remove



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2004

Michael N. Milby, Clerk
Laredo Division

GERMAN HERNANDEZ GARCIA §
INDIVIDUALLY AND AS REPRESENTATIVE §
OF THE ESTATE OF HERLINDA GUTIERREZ §
GUTIERREZ, DECEASED; AND AS NEXT §
FRIEND OF LINDA EDIURNE HERNANDEZ §
DE GUTIERREZ, MINOR §
§
MARIA TERESA HERNANDEZ GARCIA, §
INDIVIDUALLY AND AS NEXT FRIEND §
OF TANIA GOMEZ HERNANDEZ, MINOR §
§
JAIME HERNANDEZ DURAN, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE ESTATE §
OF TERESA GARCIA MARTINEZ §
§
               Plaintiffs, §
v. §
§
FIRESTONE, INC. §
And FORD MOTOR COMPANY §
§
            Defendants.

CIVIL ACTION

NO. _L-04-CV-11_

## INDEX OF MATTERS BEING FILED WITH NOTICE OF REMOVAL

1.  Docket sheet from underlying state court action

2.  All executed process in state court file

3.  Plaintiff's Original Petition

4.  Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Motion to Dismiss Under the Doctrine of Forum Non Conveniens, Original Answer, Special Exception, Pleas Against Capacity and Reliance on Jury Demand

5.  Notice of Calendar Call

6.  List of Counsel of Record

7.  Bridgestone/Firestone North American Tire, L.L.C.'s Consent to Remove



```
                               CIVIL CASE DOCKETS
Webb County Courts                                              PAGE      1
DATE    1/29/04                                                MV0260
TIME    11:31:57                                               DCAC


===============================================================================
CASE NUMBER . . . . : 2003CVQ001987 D2
PLAINTIFF . . . . . : GARCIA,GERMAN,HERNANDEZ,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : GONZALEZ,JUAN,A,              PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 1300 N 10STR STE400
                                                        MCALLEN

PLAINTIFF . . . . . : ESTATE OF HERLINDA G,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : HERNADEZ DE GUTIERRE,LINDA,E,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : HERNANDEZ-GARCIA,MARIA,T,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : GOMEZ-HERNANDEZ,TANIA,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : HERNANDEZ-DURAN,JAIME,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : ESTATE OF TERESA GAR,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

   VS.

DEFENDANT NAME  . . : FIRESTONE INC,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 350 N ST.PAUL ST
```

CIVIL CASE DOCKETS

Webb County Courts                                           PAGE    2
DATE   1/29/04                                              MV0260
TIME   11:31:57                                             DCAC


===============================================================================
CASE NUMBER . . . . : 2003CVQ001987 D2
                                              DALLAS
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active        STATUS DATE . . . : 12/23/2003
CASE DISPOSITION  . :               DISPOSITION DATE :

DEFENDANT NAME  . . : FORD MOTOR COMPANY,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . : 350 N ST PAUL ST
                                              DALLAS
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active        STATUS DATE . . . : 12/23/2003
CASE DISPOSITION  . :               DISPOSITION DATE :

DEFENDANTS ATTORNEY : ALCALA,JUAN,,            PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 111 CONGRESS AVE STE1400
                                              AUSTIN
COURT APPOINTED . . : NO            ATTORNEY PRESENT :

ENTRY/FILING DATE . : 12/23/2003

JUDGE . . . . . . . : R. Vasquez
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :               IND. TERM. CODE . :

COMPLAINT . . . . . : OTHER CIVIL(SUIT FOR DAMAGES)
COMPLAINT DATE  . . : 12/23/2003   COMPLAINT AMOUNT  :
INTEREST DATE . . . :               INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :               COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :               TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :               GARNISHMENT CASE  :


ACTIVITY DATE   ACTIVITY TYPE   DESCRIPTION
-------------   -------------   -----------------------------------------------
12/23/2003      Complaint
      OTHER CIVIL(SUIT FOR DAMAGES)
                Case Assgn
      Court date/time: 3/02/2004  14:00
      Assignment of court date/time.
      Status entered as Open
                Hearing
      Hearing Type entered as Clndr Call
      Hearing Type code   17: Clndr Call
                Notes
      CALENDAR CALL FAXED TO ATTORNEY (LAG)
                Citation
      4 CITATIONS ISSUED BY CERTIFIED MAIL(LAG)
                Jury Fee
      JURY DEMAND BY PLAINTIFF

 1/05/2004      File Paprs

```
                              CIVIL CASE DOCKETS
Webb County Courts                                          PAGE      3
DATE    1/29/04                                             MV0260
TIME    11:31:57                                            DCAC
```

================================================================================

```
CASE NUMBER . . . . : 2003CVQ001987 D2
     CITATION BY RRR SHOWING SERVICE AS TO FIRESTONE INC. DOS 12/31/2003
     *CT*
     CITATION BY RRR SHOWING SERVCIE AS TO FORD MOTOR COMPANY DOS 12/31/03
     *CT*

 1/14/2004      File Paprs
     CITATION BY RRR RETURNED UNEXECUTED AS TO FIRESTONE INC. *CT*

 1/26/2004      File Paprs
     FORD MOTOR CO'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, MOTION
     TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS, PLEA AGAINST
     CAPACITY, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLTF'S ORIGINAL
     PETITION, AND RELIANCE UPON JURY DEMAND (SAC)
```



## CITATION BY CERTIFIED MAIL    2003CVQ001987 D2
### THE STATE OF TEXAS

Notice to the Defendant: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: **FIRESTONE INC,** C/O CT CORPORATION SYSTEM
**350 N ST.PAUL ST,**
**DALLAS,   TX 75201**

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE:
**YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT**
of Webb County, Texas, to be held at the courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00  O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in the Cause #: 2003CVQ001987 D2, styled:

GERMAN HERNANDEZ GARCIA, PLAINTIFF,
INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HERLINDA GUTIERREZ GUTIERREZ DECEASED;AND AS NEXT FRIEND OF LINDA EDIURNE HERNANDEZ DE GUTIERREZ,MINOR
MARIA TERESA HERNANDEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF TANIA GOMEZ HERNANDEZ MINOR
JAIME HERNANDEZ DURAN,INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF TERESA GARCIA MARTINEZ
VS.

FIRESTONE INC, DEFENDANT,
AND FORD MOTOR COMPANY

said Plaintiff's Petition was filed in said court, by
JUAN A GONZALEZ,(ATTORNEY FOR PLAINTIFF)
1300 N 10STR STE400
MCALLEN,   TX  , on 12/23/2003 A.D.

**WITNESS MANUEL GUTIERREZ, DISTRICT CLERK OF WEBB COUNTY, TEXAS.**
Issued and given under my hand and seal of said court at office, this December 23, 2003.

**C L E R K   O F   C O U R T**
MANUEL GUTIERREZ, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
1110 VICTORIA ST.
LAREDO, TX 78042              BY:

LUIS A. GALVAN

**CLERK'S CERTIFICATE OF SERVICE**

I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on December 23, 2003, by placing in the United States Mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via Certified Mail No. 700111400004742605... ADDRESSED TO: FIRESTONE INC, 350 N ST.PAUL ST, DALLAS,  TX 75201 and endorsed thereon "RETURN RECEIPT REQUESTED", after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially this  December 23, 2003.

MANUEL GUTIERREZ
CLERK OF THE DISTRICT COURTS AND
COUNTY-COURT AT LAW
OF WEBB COUNTY, TEXAS

BY: _____  DEPUTY

LUIS A. GALVAN

**ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.**

---

**THE STATE OF TEXAS
COUNTY OF WEBB**

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED_____,
WHO AFTER BEING DULY SWORN, UPON OATH SAID THAT A NOTICE, OF WHICH THE ABOVE IS A TRUE COPY, WAS BY _____

_____ TO _____ ON THE
0_____ _____

RE ME ON THE _____ DAY OF _____
CERTIFY WHICH WITNESS MY HAND AND SEAL

TITLE _____

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only: No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  FIRESTONE INC
Street, Apt. No.; or PO Box No.  350 N ST.PAUL ST
City, State, ZIP+ 4  DALLAS TX 75201

PS Form 3800, January 2001          See Reverse for Instructions

CITATION BY CERTIFIED MAIL                          2003CVQ001987 D2
THE STATE OF TEXAS

Notice to the Defendant: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN
ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH
THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT
FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: FORD MOTOR COMPANY,** C/O CT CORPORATION SYSTEM
    **350 N ST PAUL ST,**
    **DALLAS,   TX 75201**

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE:
**YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT**
of Webb County, Texas, to be held at the courthouse of said county
in the city of Laredo, Webb County, Texas, by filing a written
answer to the Petition of Plaintiff at or before 10:00  O'CLOCK A.M.
of the Monday next after the expiration of 20 days after the date of
service hereof, a copy of which accompanies this citation, in the
Cause #: 2003CVQ001987 D2, styled:

     GERMAN HERNANDEZ GARCIA, PLAINTIFF,
     INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HERLINDA GUTIERREZ GUTIERREZ
     DECEASED; AND AS NEXT FRIEND OF LINDA EDIURNE HERNANDEZ DE GUTIERREZ, MINOR
     MARIA TERESA HERNANDEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF TANIA GOMEZ
     HERNANDEZ MINOR
     JAIME HERNANDEZ DURAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF TERES
     GARCIA MARTINEZ
     VS.

     FORD MOTOR COMPANY, DEFENDANT,
     AND FIRESTONE INC.

said Plaintiff's Petition was filed in said court, by
     JUAN A GONZALEZ, (ATTORNEY FOR PLAINTIFF)
     1300 N 10STR STE400
     MCALLEN,    TX  , on 12/23/2003 A.D.


**WITNESS MANUEL GUTIERREZ, DISTRICT CLERK OF WEBB COUNTY, TEXAS.**
Issued and given under my hand and seal of said court at office,
this December 23, 2003.

              C L E R K   O F   C O U R T
MANUEL GUTIERREZ, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
1110 VICTORIA ST.
LAREDO, TX 78042                   BY:                        DEPUTY
                                        LUIS A. GALVAN

## CLERK'S CERTIFICATE OF SERVICE

I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on December 23, 2003, by placing in the United States Mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via Certified Mail No. 70011140000474260599 ADDRESSED TO: FORD MOTOR COMPANY, 350 N ST PAUL ST, DALLAS, TX 75201 and endorsed thereon "RETURN RECEIPT REQUESTED", after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially this December 23, 2003.

MANUEL GUTIERREZ
CLERK OF THE DISTRICT COURTS AND
COUNTY-COURT AT LAW
OF WEBB COUNTY, TEXAS

BY: _____

LUIS A. GALVAN

**ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.**

---

### THE STATE OF TEXAS
### COUNTY OF WEBB

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED _____,
WHO AFTER BEING DULY SWORN, UPON OATH SAID THAT A NOTICE, OF WHICH THE ABOVE IS A TRUE COPY, WAS BY _____

_____ TO _____ ON THE
DAY OF _____, 20 ____ _____

_____ RE ME ON THE _____ DAY OF _____
CERTIFY WHICH WITNESS MY HAND AND SEAL

_____
TITLE

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only: No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To FORD MOTOR COMPANY
Street, Apt. No.; or PO Box No. 350 N ST.PAUL ST
City, State, ZIP+4 DALLAS TX 75201

PS Form 3800, January 2001



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

2003CVQ001987 D2

MANUEL GUTIERREZ
DISTRICT CLERK
P.O. BOX 667
LAREDO, T X.

UNITED STATES POSTAL SERVICE

2004 JAN -5  AM 9:

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

2003CVQ001987 D2

MANUEL GUTIERREZ
DISTRICT CLERK
P.O. BOX 667
LAREDO, T X.

UNITED STATES POSTAL SERVICE

2004 JAN -5  AM 9:

A True copy of the original, I certify,
the _____ day of _____, 20___
MANUEL GUTIERREZ
Clerk of the District Courts and
County Court of Webb County, Texas
By: _____ Deputy

PS Form 3811, August 2001                     Domestic Return Receipt                     102595-02-

2. Article Number
(Transfer from service label)

7001 1140 0004 7426 0582

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return this card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FIRESTONE INC C/O CT CORPORATION
SYSTEM
350 N ST. PAUL ST
DALLAS, TX  75201

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                        ☐ Agent
                                          ☐ Addressee

B. Received by ( Printed Name )          C. Date of Delivery
                                          JUL 3 1 2003

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merch.
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

---

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, on the front if space permits.

Article Addressed to:

FORD MOTOR COMPANY C/O CT
CORPORATION SYSTEM
O N ST PAUL ST
LLAS, TX 75201

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X   JEC 3 1 2003                         ☐ Agent
                                          ☐ Addressee

B. Received by ( Printed Name )          C. Date of Delivery
   CORPORATION

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

Article Number
(Transfer from service label)    7001 1140 0004 7426 0599

Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540



A True copy of the original, I certify
the ____ day of ____ 20 04
County ____ Texas
By: ____ Deputy
ANA CHAVEZ
DISTRICT COURT OF WEBB COUNTY, TEXAS

**CT** CORPORATION

2003CV①1987D2

January 8, 2004

To:     Juan Gonzalez
        1300 N 10th Street
        Suite 400
        McAllen, Texas 78501

From:   Beatrice Casarez, SOP Supervisor
        CT Dallas Service of Process

RE:     Firestone, Inc.

After checking the records of the Secretary of State of Texas, it has been determined
that there is no record of Firestone, Inc.

Accordingly, we are returning the documents received from you.

CC:     Annie Coleman, # 5959394
CC:     Manuel Gutierrez, Clerk
        1110 Victoria St.
        Laredo, Texas 78042

File

350 North St. Paul Street
Suite 2900
Dallas, TX 75201
Tel 214 979 1172
Fax 214 754 0921

## ~TATION BY CERTIFIED MAIL                    2003CVQ001987 D2
## THE STATE OF TEXAS

Notice to the Defendant: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN
ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH
THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT
FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: FIRESTONE INC,** C/O CT CORPORATION SYSTEM
**    350 N ST.PAUL ST,**
**    DALLAS,   TX 75201**

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE:
**YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT**
of Webb County, Texas, to be held at the courthouse of said county
in the city of Laredo, Webb County, Texas, by filing a written
answer to the Petition of Plaintiff at or before 10:00  O'CLOCK A.M.
of the Monday next after the expiration of 20 days after the date of
service hereof, a copy of which accompanies this citation, in the
Cause #: 2003CVQ001987 D2, styled:

          GERMAN HERNANDEZ GARCIA, PLAINTIFF,
          INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HERLINDA GUTIERREZ GUTIERR
          DECEASED;AND AS NEXT FRIEND OF LINDA EDIURNE HERNANDEZ DE GUTIERREZ,MINOR
          MARIA TERESA HERNANDEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF TANIA GOMEZ
          HERNANDEZ MINOR
          JAIME HERNANDEZ DURAN,INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF TERE
          GARCIA MARTINEZ
          VS.

          FIRESTONE INC, DEFENDANT,
          AND FORD MOTOR COMPANY

said Plaintiff's Petition was filed in said court, by
     JUAN A GONZALEZ,(ATTORNEY FOR PLAINTIFF)
     1300 N 10STR STE400
     MCALLEN,   TX  , on 12/23/2003 A.D.

**WITNESS MANUEL GUTIERREZ, DISTRICT CLERK OF WEBB COUNTY, TEXAS.**
Issued and given under my hand and seal of said court at office,
this December 23, 2003.

                    C L E R K   O F   C O U R T
MANUEL GUTIERREZ, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
1110 VICTORIA ST.
LAREDO, TX 78042            BY:

                                  LUIS A. GALVAN

NO. _2003 CVQ 001487 D2_

| | | |
|---|---|---|
| JERMAN HERNANDEZ GARCIA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HERLINDA GUTIERREZ GUTIERREZ, DECEASED; AND AS NEXT FRIEND OF LINDA EDIURNE HERNANDEZ DE GUTIERREZ, MINOR | § § § § § § § | DISTRICT COURT OF |
| MARIA TERESA HERNANDEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF TANIA GOMEZ HERNANDEZ MINOR | § § § § § § | |
| JAIME HERNANDEZ DURAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF TERESA GARCIA MARTINEZ | § § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| FIRESTONE, INC. And FORD MOTOR COMPANY, | § § § | _____ JUDICIAL DISTRICT |
| **Defendants.** | § § § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Herman Hernandez Garcia, Individually and as Representative of

the Estate of Herlinda Gutierrez Gutierrez, Deceased, and as Next Friend of Linda Ediurne

Hernandez de Gutierrez, Minor and Maria Teresa Hernandez Garcia, Individually and

as Next Friend of Tania Gomez Hernandez, Minor, and Jaime Hernandez Duran,

Individually and as Representative of the Estate of Teresa Garcia Martinez, bring

this **Plaintiffs Original Petition** against Defendants Firestone, Inc. and Ford Motor

1

and sold the Tire that was included as original or replacement equipment on the Explorer. At the time of the Incident, the Tire was in the same condition as it was when originally manufactured, marketed, tested, and distributed by Defendant Firestone, Inc.

6.6     The Tire, which was developed, designed, manufactured, inspected, tested, distributed, and sold by Defendant Firestone, Inc. was unfit and unsafe for its intended uses and purposes when it left the control of Defendant Firestone, Inc. because of design, manufacturing, testing, and inspection defects that caused the Tire to suddenly fail. In particular, the Tire was defective in that it lacked proper adhesion of the steel belts to surrounding material, resulting in tread belt separation and catastrophic failure during normal and expected use by Plaintiffs. Defendant Firestone, Inc. failed to incorporate gum edge strips, zero degree textile bands, nylon overlays, nylon belt edge layers, or nylon safety belts in the Tire to significantly reduce the risk of tread belt separation and catastrophic failure of the Tire.

6.7     There were safer alternative designs that would have prevented these defects. The safer alternative designs would have prevented or significantly reduced the risk of injury without substantially impairing the Tire's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the Tire left the control of Defendant Firestone by the application of existing or reasonably achievable scientific knowledge. Defendant Firestone, Inc. is strictly liable for these design and manufacturing defects and the resulting damages to Plaintiffs under Texas law, including TEX. CIV. PRAC. & REM. CODE § 82.005. The defective design and manufacture was a producing cause of the injuries and damages suffered by Plaintiffs.

6.8     Defendant Firestone, Inc. also failed to warn consumers of these dangers.

6.9     Thus, the Tire was defectively designed, manufactured, and marketed, and was

Respectfully submitted,
**LAW OFFICE OF MARK A CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Tel: (956) 687-8181
Fax: (956) 687-8868


By:_____
        JUAN A. GONZALEZ
        Attorney in Charge
        State Bar No. 08129310
ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

# Webb County

## DISTRICT COURTS & COUNTY COURT AT LAW

MANUEL GUTIERREZ / DISTRICT CLERK
P.O. BOX 667
LAREDO, WEBB CO., TEXAS 78042-0667

THIS ENVELOPE CONTAINS

# IMPORTANT

LEGAL INSTRUMENTS
FOR YOUR SAFE KEEPING

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7001 1140 0004 7426 0582

FIRESTONE INC C/O CT CORPORATION SYSTEM
350 N ST. PAUL ST
DALLAS, TX 75201

DEC 29 2003

METER
7127930    U.S. POSTAGE

NO. 2003 CVQ 00 1987 b2

| | | |
|---|---|---|
| GERMAN HERNANDEZ GARCIA | § | DISTRICT COURT OF |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF HERLINDA GUTIERREZ | § | |
| GUTIERREZ, DECEASED; AND AS | § | |
| NEXT FRIEND OF LINDA EDIURNE | § | |
| HERNANDEZ DE GUTIERREZ, | § | |
| MINOR | § | |
| | § | |
| MARIA TERESA HERNANDEZ | § | |
| GARCIA, INDVIDUALLY | § | |
| AND AS NEXT FRIEND OF | § | |
| TANIA GOMEZ HERNANDEZ | § | |
| MINOR | § | |
| | § | |
| JAIME HERNANDEZ DURAN, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF TERESA GARCIA | § | |
| MARTINEZ | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| FIRESTONE, INC. | § | _____ JUDICIAL DISTRICT |
| And FORD MOTOR COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | JURY TRIAL DEMANDED |

<u>PLAINTIFFS' ORIGINAL PETITION</u>

Plaintiffs, Herman Hernandez Garcia, Individually and as Representative of

the Estate of Herlinda Gutierrez Gutierrez, Deceased, and as Next Friend of Linda Ediurne

Hernandez de Gutierrez, Minor and Maria Teresa Hernandez Garcia, Individually and

as Next Friend of Tania Gomez Hernandez, Minor, and Jaime Hernandez Duran,

Individually and as Representative of the Estate of Teresa Garcia Martinez, bring

this **Plaintiffs Original Petition** against Defendants Firestone, Inc. and Ford Motor

1

("Ford"), the deaths, injuries and property damage arising out of an automobile accident occurring in Mexico on December 25, 2003.

## I. DISCOVERY CONTROL PLAN

1.1 **Plaintiffs, Herman Hernandez Garcia, Individually and as Representative of the Estate of Herlinda Gutierrez Gutierrez, Deceased, and as Next Friend of Linda Ediurne Hernandez de Gutierrez, Minor and Maria Teresa Hernandez Garcia, Individually and as Next Friend of Tania Gomez Hernandez, Minor, and Jaime Hernandez Duran, Individually and as Representative of the Estate of Teresa Garcia Martinez** request that this case be governed by Discovery Control Plan Level 3, Texas Rule of Civil Procedure 190.3

## II. FACTS

2.1 **Herman Hernandez Garcia, Herlinda Gutierrez Gutierrez, Linda Ediurne Hernandez de Gutierrez, Maria Teresa Hernandez Garcia and Tania Gomez Hernandez,** were involved in an automobile accident occurring in Mexico (the "Incident") and suffered personal injuries and/or death and property loss occasioned by this Incident and Plaintiffs assert a wrongful death claim in connection with this Incident. This incident involved a 1994 Ford Explorer. In this incident one of the tires on the vehicle involved suddenly, unexpectedly, and completely failed. When confronted with this emergency, which was not caused by the negligence of Plaintiff, the driver was not able to maintain control of the vehicle.

2.2 The tire that catastrophically failed in the Incident, a Firestone tire (the "Tire"), was designed, manufactured, and distributed by Defendant Firestone, Inc. The Tire was included as original equipment on the Explorer involved in the Incident, which was designed, manufactured, and distributed by Defendant Ford. In the alternative, the Tire was replacement equipment.

## III. STATE COURT JURISDICTION

2

### A. Personal Jurisdiction

#### 1. Defendant Firestone, Inc.

3.1     Defendant Firestone, Inc. was at all relevant times and is now transacting business within the State of Texas as a manufacturer and distributor of motor vehicle tires, including the Tire. Defendant Firestone, Inc. derives substantial revenue from Texas residents.

#### 2. Defendant Ford

3.2     Defendant Ford was at all relevant times and is now transacting business within the State of Texas as a manufacturer and distributor of motor vehicles, including the Explorer. Defendant Ford derives substantial revenue from Texas residents.

### B. Subject Matter Jurisdiction

3.3     This Court has subject matter jurisdiction over the Plaintiffs' claims.

    a     Plaintiffs seek damages under the common and statutory laws of the State of Texas. The amount in controversy for each claim exceeds this Court's jurisdictional minimum.

## IV. PARTIES

### A. Plaintiffs

4.1     The following parties are Plaintiffs, each of whom is a resident of Mexico. All of the Plaintiffs assert claims against Defendant Firestone, Inc. Plaintiffs also assert claims against Defendant Ford.

4.2     **German Hernandez Garcia, Individually**

4.3     **Estate of Herlinda Gutierrez Gutierrez**

4.4     **German Hernandez Garcia a/n/f of Linda Ediurne Hernandez De Gutierrez, a Minor**

3

4.5     **Maria Teresa Hernandez Garcia, Individually**

4.6     **Maria Teresa Hernandez Garcia, a/n/f of Tania Gomez Hernandez**

4.7     **Jaime Hernandez Duran, Individually**

4.8     **Estate of Teresa Garcia Martinez**

**B.      Defendants**

4.9     Defendant Firestone, Inc. is an Ohio corporation with its principal place of business in Nashville, Tennessee. Defendant Firestone, Inc. is authorized to do business in the State of Texas. Defendant Firestone, Inc. may be served with process through its registered agent: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.10    Defendant Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan. Defendant Ford is authorized to do business in the State of Texas. It may be serve through its registered agent: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## V. VENUE

**A.      Texas Has Substantial Connection to Plaintiffs' Claims**

5.1     A substantial part of the acts and omissions giving rise to the Plaintiffs' claims occurred in Reeves County, Texas; Val Verde County, Texas; and Pecos County, Texas.[1]

5.2     Defendant Firestone has extensively tested its AT tires (p/k/a/HT tires) and other steel-belted radial tires at Smithers Tire & Automotive Testing of Texas, Inc., d/b/a Smithers Transportation Test Center in Pecos, located in Reeves County, Texas.

5.3     Defendant Ford has extensively tested its Ford Explorer with the Firestone Tire and other steel-belted radial tires at Smithers Tire & Automotive Testing of Texas, Inc., d/b/a Smithers Transportation Test Center in Pecos, located in Reeves County, Texas.

---

[1] http://www.pecos.net/news/arch87/sar2387.htm.

4

5.4     Defendant Firestone, Inc.  conducted lane-change maneuver-testing on tires designed for the Ford Explorer prototype at the Firestone Tire & Rubber Test Facility in Fort Stockton, Pecos County, Texas. [2]

5.5     Defendant and Firestone, Inc. advertise the operation of "world-class proving grounds in Ft. Stockton, Texas; Sao Paolo, Brazil; and Acuña, Mexico."[3]

5.6     Defendant Firestone, Inc.  conducted its fleet test at "our test center, either at Acuña or Fort Stockton,"[4] according to the primary expert witness for Firestone, Inc.  in the tire tread separation litigation, James Gardner.

5.7     In 1998, Mr. Gardner wrote a paper entitled "The Role of Tread/Belt Detachment in Accident Causation," which has been used extensively in the tire tread separation litigation and which was based on testing he performed with the Ford Explorer prototype at the Fort Stockton test track in Pecos County, Texas, with the assistance of Fort Stockton personnel.[5]

5.8     Mr. Gardner has described what Firestone has done with tires at Fort Stockton over the years as being virtually all-inclusive: "We've tested them. We run them, and we run them with all different alignment configurations."[6]

5.9     Fort Stockton has been the "technical proving grounds for [Firestone's] real world field tests . . . to determine what unique factors in the recalled tires could result in a higher rate of tread separation claims."[7]

**B.     No Other Venue Is More Suitable**

---

[2] http:///www.bridgestone-firestone.com/corporate/profile_content2.html
[3] http:///www.bridgestone-firestone.com/corporate/profile_content2.html
[4] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 15, 2000, at 17
[5] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 16, 2000, at 109-13.
[6] Trial Testimony of James Gardner, Greenwald v. Bridgestone/Firestone, May 1, 1997, at 117.
[7] Bridgestone-Firestone Home/News/Corporate News: "Firestone Announces Findings of Root Cause Analysis, Dec. 19, 2000.

5.10    Defendant Firestone, Inc. has multiple divisions and major offices throughout the United States (including Tennessee, Oklahoma, Indiana, Illinois, Louisiana, Texas, South Carolina, Ohio, North Carolina, Arkansas, Michigan, Georgia Massachusetts, New York, Washington) and the world (Canada, Mexico, Argentina, Brazil, Venezuela, Chile, Puerto Rico, England, Germany, New Zealand, Australia, South Africa, India, and Costa Rica).[8]

5.11    According to Firestone's former vice president of quality assurance, Firestone has 21 or more companies in the United States. He considered that he worked "for all of them . . . it's like a conglomerate."[9]

5.12    According to James Gardner, Firestone's primary expert witness, the Firestone, Inc. radial AT tire has been tested in various places:

    a.    "We had the S rating for the European E4 rating for the S speed rating, and that was certified in the Netherlands."[10]

    b.    "The load deflection data was done in our laboratory."[11]

    c.    "The 10K test, which is an irregular wear test, was done at our test facility in Acuña. . . . . The wet traction testing, I think, was done at Fort Stockton, Texas or our skid pad, as well as the dry traction. The ride test, ride and handling, was done at Ford. We did the force and moment testing. The noise testing we did. Ford did the mounting trials at their Louisville plant."[12]

---

[8] http://ww.bridgestone-firestone.com/corporate/directory_division.html: http://www.bsiamericas. com.bsi_site/about/a_f.htm: http://www.firesyn.com/locations.htm
[9] Oral Deposition of Robert O. Martin, Greenwald v. Bridgestone/Firestone, Mar. 18, 1997, at 5-11.
[10] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 14, 2000, at 214
[11] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 14, 2000, at 214-15.
[12] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 14, 2000, at 216.

5.13    Robert Wyant, Firestone's vice president of corporate quality, has people who directly report to him from Akron, Detroit, and Nashville.[13]

## VI. CAUSES OF ACTION

6.1    Plaintiffs bring strict liability and negligence claims against Defendants as follows:

### A.    Negligence of Firestone, Inc.

6.2    Defendant Firestone, Inc.   developed, designed, manufactured, inspected, distributed, and sold the Tire for use on motor vehicles, including the Explorer.

6.3    Defendant Firestone, Inc.  breached the duty of reasonable care that it owed to Plaintiffs as follows:

> a.    negligently designed the Tire;
>
> b.    negligently constructed the Tire;
>
> c.    negligently manufactured the Tire;
>
> d.    negligently tested or failed to test the Tire;
>
> e.    negligently inspected or failed to inspect the Tire;
>
> f.    negligently warned or failed to warn Plaintiffs of defects in the Tire that Defendant Firestone either knew or should have known existed; and
>
> g.    negligently warned or failed to warn Plaintiffs of signs of tread belt separation and the consequences of tread belt separation.

6.4     These negligent acts and omissions were a direct and proximate cause of the injuries and damages described in this Petition and suffered by Plaintiffs.

### E.    Strict Liability of Firestone, Inc.

6.5    Defendant Firestone, Inc. developed, designed, manufactured inspected, tested,

---

[13] Oral Deposition of Robert J. Wyant, Guillen v. Bridgestone/Firestone, Sept. 15, 2000, 20-21, 69-70.

distributed, and sold the Tire that was included as original or replacement equipment on the Explorer. At the time of the Incident, the Tire was in the same condition as it was when originally manufactured, marketed, tested, and distributed by Defendant Firestone, Inc.

6.6    The Tire, which was developed, designed, manufactured, inspected, tested, distributed, and sold by Defendant Firestone, Inc. was unfit and unsafe for its intended uses and purposes when it left the control of Defendant Firestone, Inc. because of design, manufacturing, testing, and inspection defects that caused the Tire to suddenly fail. In particular, the Tire was defective in that it lacked proper adhesion of the steel belts to surrounding material, resulting in tread belt separation and catastrophic failure during normal and expected use by Plaintiffs. Defendant Firestone, Inc. failed to incorporate gum edge strips, zero degree textile bands, nylon overlays, nylon belt edge layers, or nylon safety belts in the Tire to significantly reduce the risk of tread belt separation and catastrophic failure of the Tire.

6.7    There were safer alternative designs that would have prevented these defects. The safer alternative designs would have prevented or significantly reduced the risk of injury without substantially impairing the Tire's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the Tire left the control of Defendant Firestone by the application of existing or reasonably achievable scientific knowledge. Defendant Firestone, Inc. is strictly liable for these design and manufacturing defects and the resulting damages to Plaintiffs under Texas law, including TEX. CIV. PRAC. & REM. CODE § 82.005. The defective design and manufacture was a producing cause of the injuries and damages suffered by Plaintiffs.

6.8    Defendant Firestone, Inc. also failed to warn consumers of these dangers.

6.9    Thus, the Tire was defectively designed, manufactured, and marketed, and was

unreasonably dangerous to users, when it left the control of Defendant Firestone, Inc. and when it was distributed and sold as original or replacement equipment on the Explorer. The Tire was intended to and did reach consumers and users without substantial change in the condition in which it was manufactured and distributed by Defendant Firestone, Inc.

**F.     Negligence of Ford**

6.10    Defendant Ford developed, designed, manufactured, inspected, distributed, and sold the Explorer.

6.11    Defendant Ford breached the duty of reasonable care that it owed to the Plaintiffs asserting a claim against Defendant Ford:

    a.    negligently distributed and sold the Explorer with defective Tires when it knew or should have known that non-defective tires were economically and technologically feasible and the use of non-defective tires on the Explorer would have been a safer alternative design that would have significantly reduced the risks to Plaintiffs without substantially impairing the utility of the Explorer; and

    b.    negligently warned or failed to warn Plaintiffs of defects in the Explorer, including defects in the Tires, which it knew or should have known existed.

6.12    These negligent acts and omissions were a direct and proximate cause of the injuries and damages described in this Petition and suffered by the Plaintiffs making a claim against Defendant Ford.

**G.     Strict Liability of Ford**

6.13    Defendant Ford developed, designed, manufactured, inspected, distributed, and

sold the Explorer. At the time of the Incident, the Explorer was in the same condition as it was when originally manufactured, marketed, and distributed by Defendant Ford.

6.14    The Explorer was unfit and unsafe for its intended uses and purposes when it left the control of Defendant Ford because of design, manufacturing, and inspection defects. In particular, the Explorer was defective in that it had an unreasonable propensity to rollover during foreseeable emergency maneuvers, including, but not limited to, emergency maneuvers following a catastrophic tire failure. The Explorer was also defective in that it was designed, manufactured, distributed, and sold with defective Tires, as alleged in this Petition.

6.15    There were safer alternative designs that would have prevented these defects. The safer alternative designs would have prevented or significantly reduced the risk of injury without substantially impairing the Explorer's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the Explorer left the control of Defendant Ford by the application of existing or reasonably achievable scientific knowledge. Defendant Ford is strictly liable for these design and manufacturing defects and the resulting damages to Plaintiffs under Texas law, including TEX. Civ. PRAC. & REM. CODE § 82.005. The defective design and manufacture was a producing cause of the injuries and damages suffered by Plaintiffs.

6.16    Defendant Ford also failed to warn consumers of these dangers.

6.17    Thus, the Explorer was defectively designed, manufactured, and marketed, and was unreasonably dangerous to users, when it left the control of Defendant Ford. The Explorer was intended to and did reach consumers and users without substantial change in the condition in which it was manufactured and distributed by Defendant Ford.

## VII. DAMAGES

7.1     Each Plaintiff seeks damages exceeding the jurisdictional limits of this Court.

7.2     The Defendants' acts and omissions described herein were a direct, producing and proximate cause of the following damages:

**A.      Survival Damages**

7.3     The Defendants' acts and omissions caused the painful death of Plaintiffs' decedent and were a direct, proximate and producing cause of the decedent's (1) loss of the pleasures of living (hedonic damages); (2) physical pain and suffering; and (d) mental anguish, including paralyzing fear and the awareness of approaching death.

7.4     The decedent estate has also incurred funeral expenses.

7.5     Claims for survival damages are being made for the following: **Estate of Herlinda Gutierrez Gutierrez and Estate of Teresa Garcia Martinez.**

**B.      Wrongful Death Damages**

7.6     The Defendants' acts and omissions described herein were a direct, proximate, and producing cause of the damages of the wrongful death Plaintiffs. They have suffered and will suffer (1) physical pain and suffering, (2) mental anguish, (3) lost society, (4) lost companionship, (6) loss of the amount that the decedent, in reasonable probability, would have added to their estate and left at their natural death to the wrongful death Plaintiffs, and (7) related medical expenses.

7.7     The wrongful death Plaintiffs are **German Hernandez Garcia, German Hernandez Garcia a/n/f of Linda Ediurne Hernandez, Maria Teresa Hernandez Garcia and Maria Teresa Hernandez Garcia a/n/f of Tania Gomez Hernandez.**

**C.      Personal Property Loss**

7.8     Plaintiffs sue to recover for the property damage to the vehicle resulting from the

11

Incident.

**D.      Personal Injury Damages**

7.9      Plaintiffs suffered serious injuries, including fractures, bumps, bruises and contusions as a result of the Defendants' acts and omissions.

**E.      Exemplary Damages**

7.10     Defendants' acts and omissions were grossly negligent, reckless, and involved an entire want of care.  Plaintiffs' damages resulted from Defendants' objective and subjective conscious indifference to the rights, welfare, and safety of Plaintiffs. Plaintiffs therefore seek exemplary damages for both the survival and the wrongful death claims.

**E.      Interest and Costs**

7.11     The Plaintiffs also seek pre-judgment and post-judgment interest and court costs to the full extent permitted by Texas law.

**VIII. CONDITIONS PRECEDENT**

8.1      All conditions precedent to Plaintiffs' recovery have been performed or have occurred.

**IX. PRAYER FOR RELIEF**

9.1      Plaintiffs request that the Court enter a judgment against the Defendants for the damages alleged herein and other relief to which these Plaintiffs are entitled.

**X.**
**JURY DEMAND**

10.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial in this cause and deposit with the District Clerk of Webb County, Texas the requisite jury fee.

Respectfully submitted,
**LAW OFFICE OF MARK A CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Tel: (956) 687-8181
Fax: (956) 687-8868


By: _____
      JUAN A. GONZALEZ
      Attorney in Charge
      State Bar No. 08129310
ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

CAUSE NO. 2003CV001987D2

GERMAN HERNANDEZ GARCIA )
INDIVIDUALLY AND AS )
REPRESENTATIVE OF THE ESTATE )
OF HERLINDA GUTIERREZ )
GUTIERREZ, DECEASED; AND AS )
NEXT FRIEND OF LINDA EDIURNE )
HERNANDEZ DE GUTIERREZ, MINOR )
)
MARIA TERESA HERNANDEZ )
GARCIA, INDIVIDUALLY AND AS NEXT )
FRIEND OF TANIA GOMEZ HERNANDEZ )
MINOR )
)
JAIME HERNANDEZ DURAN, )
INDIVIDUALLY AND AS )
REPRESENTATIVE OF THE ESTATE )
OF TERESA GARCIA MARTINEZ )
     Plaintiffs, )
)
vs. )
)
FIRESTONE, INC. AND )
FORD MOTOR COMPANY )
)
    Defendants. )

IN THE DISTRICT COURT OF

WEBB COUNTY, TEXAS

111TH JUDICIAL DISTRICT

**FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS,* PLEA AGAINST CAPACITY, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE UPON JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Ford Motor Company ("Ford"), one of the defendants in the above-styled and numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion, files this Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*, Plea Against Capacity, Special Exceptions, Original

Answer to Plaintiffs' Original Petition, and Reliance Upon Jury Demand, and would show the Court as follows:

## I.     MOTION TO TRANSFER VENUE

A.     Ford denies that venue is proper in Webb County, Texas, the county of suit. Ford specifically denies the venue allegations in paragraph V of Plaintiffs' Original Petition that there is no more suitable county than Webb County. In particular, Ford denies that all or a substantial part of the events giving rise to the claims occurred in Webb County. Indeed, Plaintiffs' Original Petition confirms that they did not. Ford demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

B.     Ford requests that this case be transferred to Dallas County, Texas. The legal and factual basis for this motion to transfer venue from Webb County to Dallas County is that Ford's principal office at the alleged time1 of the accident was located in Dallas County, Texas, as the term "principal office" is statutorily defined. TEX. CIV. PRAC. & REM. CODE § 15.001(a). Accordingly, Dallas County is a county of proper venue. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

C..     For the reasons set forth above, Ford respectfully asks that the Court transfer this case to Dallas County and would show the Court that Dallas County is a county of proper venue.

## II.     SUBJECT TO ITS MOTION TO TRANSFER VENUE, FORD MOTOR COMPANY'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue, files this its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* and would respectfully show the Court the following:

---

1 As noted below, Plaintiffs' Original Petition was filed two days before the day Plaintiffs allege that the accident occurred. Ford is assuming that the accident occurred on the date given but in a year prior to 2003.

A.     Plaintiffs filed this lawsuit to recover damages allegedly sustained due to an automobile crash that allegedly occurred in Mexico. Ford moves to dismiss this case, in its entirety, under the doctrine of *forum non conveniens*. In the interests of justice, this cause of action would be more properly heard in Mexico, where Plaintiffs reside, where the crash giving rise to this lawsuit occurred, where the accident was investigated, and where the witnesses are located.

B.     Accordingly, Ford prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss or stay the claims herein on any conditions allowed by TEX. CIV. PRAC. & REM. CODE §71.051.[2]

### III. SUBJECT TO ITS MOTION TO TRANSFER VENUE AND MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, FORD MOTOR COMPANY'S PLEA AGAINST CAPACITY, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE UPON JURY DEMAND

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue and its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* files this its Plea Against Capacity, Special Exceptions, Original Answer to Plaintiff's Original Petition, and Reliance Upon Jury Demand, and would respectfully show the Court the following:

### A.     Plea Against Capacity

Plaintiffs' Original Petition purports to set forth survival claims against Ford asserted by German Hernandez Garcia as "Representative of the Estate of Herlinda Gutierrez Gutierrez, Dceased" and by Jaime Hernandez Duran "as Representative of the Estate of Teresa Garcia Martinez". Pursuant to Rule 93, Texas Rules of Civil Procedure, and the Texas Civil Practice

---

[2]Ford will submit a Brief in Support of its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* at a later date.

and Remedies Code, Ford denies the capacity of either of German Hernandez Garcia or Jaime Hernandez Duran to maintain an action under the Texas Survival Act. Such legal incapacity is apparent from the face of Plaintiffs' Original Petition. Ford respectfully prays that all claims asserted by these named plaintiffs in their alleged capacities as representatives of the Estates of Herlinda Gutierrez Gutierrez and Teresa Garcia Martinez be dismissed unless and until Plaintiffs are able to confirm compliance with Texas law.

**B.      Special Exceptions.**

1.      Pleading Standard. Ford cannot prepare a defense to a lawsuit unless it is reasonably appraised of the specific facts upon which the suit is based. Plaintiffs' petition is deficient and fails to give Ford fair and adequate notice of the facts asserted against Ford as required by Tex. R. Civ. P. 47, and the Court should order Plaintiffs to re-plead their petition to reasonably allege the factual basis for their claims. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) (A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim).

2.      Defects in Plaintiffs' Original Petition:

a.      Incorrect Date of Accident. In the opening paragraph of their pleading, Plaintiffs allege that the subject accident occurred on December 25, 2003. This date is apparently incorrect as the pleading itself was filed two days earlier on December 23, 2003. Plaintiffs should be required to replead to assert the correct date of the accident.

b.      Defective Notice of Claimed Defect. A plaintiff advancing a cause of action for product liability (whether pled as negligence, strict liability or breach of warranty) must demonstrate at a minimum that: (1) there was a defect in the product at the time it left the manufacturer's control; and (2) the defect was the producing cause of the plaintiffs' injuries or damages. *Hyundai Motor Co. v.* Rodriguez, 995 S.W.2d 661, 665 (Tex. 1999). All of Plaintiffs'

negligence, strict liability, and breach of warranty allegations focus exclusively on the existence of the alleged defect tire and the vehicle's alleged propensity to rollover.

Texas law recognizes three categories of defect – defect in manufacture, defect in design, and marketing defects (failure to warn). *Temple Eastex v. Old Orchard Creek Partners, Ltd.,* 848 S.W.2d 724, 732 (Tex. App.—Dallas 1992, writ denied). Plaintiffs' petition is insufficient to apprise Ford regarding the manner, if any, the vehicle was defective in its design, manufacture or marketing.

          i.      <u>No Pleadings to Support a Design Defect.</u> A design defect exists when there is a defect in the design process of the product such that every unit produced according to that design is unreasonably dangerous. *Temple Eastex,* 848 S.W.2d at 732. A design defect renders a product unreasonably dangerous taking into consideration the utility of the product and the risk involved in its use. *General Motors Corporation v.* Sanchez, 997 S.W.2d 584, 588 (Tex. 1999).

The *sine qua* non of a design defect claim is the claim that there was an alternative design that was safer than the one adopted. *Id.*; Tex. Civ. Prac. & Rem. Code § 82.005 (a)(1). A "safer alternative design" means a product design other than the one actually used that in reasonable probability (i) would have prevented or significantly reduced the risk of the claimant's damages without substantially imparing the product's utility; and (ii) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. Tex. Civ. Prac. & Rem. Code §82.005(b).

At the very least, to plead a design defect claim under Texas law, a plaintiff must identify the allegedly defective component, the nature of the danger posed by that component, the safer alternative design for the component and how the omission of the design was the cause of the

plaintiff's injury. Plaintiff in this case has pled no facts to support his allegation that a safer alternative design existed with respect to his allegation of the vehicle's propensity to rollover. Therefore, Ford specially excepts to paragraph VI G of Plaintiffs' petition.

        ii.     <u>No Pleadings To Support Manufacturing Defect</u>. There are also no facts pled to support a claim based on manufacturing defect. Under Texas law, a manufacturing defect exists when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997); *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 377-78 (Tex. 1984). Thus, a manufacturing defect is a deviation from the planned output. *Id.*

    There are no pleadings to support a claim that a component of the subject vehicle deviated from the design in any manner and no explanation as to how a manufacturing defect, if any, is causally related to the Plaintiffs' claimed damages. Therefore, Ford specially excepts to Paragraph VI G of Plaintiffs' petition because they failed to plead any facts to support a manufacturing defect claim.

        iii.     <u>No Pleadings to Support Alleged Marketing Defect</u>. Finally, there are no facts pled to support a claim of marketing defect. A marketing defect exists when a manufacturer fails to adequately warn of a product's dangers under condition where a warning is necessary. *Grinnell*, 696 S.W.2d at 426. A marketing defect cause of action consists of five elements: (1) a risk of harm that is inherent in product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the produce supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed, (3) the product must possess a marketing defect; (4) absence of the warning and/pr instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) failure

to warn and/or instruct must constitute the cause of the product user's injury. *James v. Fiesta Mart, Inc.,* 21 S.W.3d 301, 305-6 (Tex. App.—Houston [1ˢᵗ Dist.] 1999, pet denied).

Plaintiffs have not pled sufficient facts to put Ford on reasonable notice of the nature of Plaintiffs' marketing defect claim, if any. Plaintiffs have not identified with reasonably specificity the nature of the alleged danger or the manner in which the danger arises from the absence of a warning. Ford specially excepts to Plaintiffs' petition because they fail to plead facts to support a claim for marketing defect.

        c.    <u>Defective Notice of Claims of Gross Neglect and Malice</u>. Under Texas law, the definition of "gross negligence" as a basis for exemplary damages is governed by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3) and §41.001(7)B). Under Tex. Civ. Prac. & Rem. Code Ann. §41.003(a)(3), exemplary damages may be awarded in a wrongful death case in cases of "gross neglect." "Gross neglect" is defined as: An act or omission: (i) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others. Tex. Civ. Prac. & Rem. Code Ann. §41.001(7)B).

Plaintiffs have not alleged any facts that would support a claim for exemplary damages against Ford based on "gross neglect." They have not specified the managing agent at Ford who committed the alleged gross negligence. They have not alleged a specific act or omission that involved an extreme degree of risk. They have not alleged any facts that would support a claim that Ford was actually subjectively aware of any risk relevant to the claims in this lawsuit. They have not alleged any facts to support a claim that Ford had a specific intent to cause substantial injury to Plaintiffs. Finally, they have not alleged any facts that would support a claim that Ford

proceeded with conscious indifference to the rights, safety or welfare of others. In short, there are no facts pled to support a claim for exemplary damages under Texas law. Plaintiffs should either withdraw the claim from their pleadings or plead sufficient facts to support the claim so that Ford may investigate and evaluate Plaintiffs' claims and prepare its defense.

          d.      <u>No Pleadings to Specify Maximum Damages Claimed</u>. Plaintiffs have failed to state the maximum amount of damages they claim. Ford specially excepts to Plaintiffs' Original Petition on this ground and pursuant to Tex. R. Civ. P. 47, asks that Plaintiffs be required to re-plead and to specify the maximum amount of damages claims.

      3.      <u>Argument</u>. The Court should not allow such pleadings – they constitute trial by ambush. Unless Plaintiffs' counsel is ordered to specifically allege facts to support his contentions, they will have incentive to continue to prosecute the case with vague, ambiguous, global and nonsensical pleadings. The net effect of this type of practice is that it works a severe hardship on Ford in the preparation of its defense and for trial.

      Failure to specify the nature of the claimed defect in a product liability suit also wastes the time and resources of the Court, since reasonably specific defect allegations will assist the parties in defining a reasonable and appropriate discovery scope, preventing unnecessary hearings to determine the nature of the claims and the proper scope of discovery.

      Re-pleading with reasonable specificity will also facilitate the investigation of the claims and may help facilitate settlement negotiations, since Ford will be able to better evaluate the factual merit of the claim once Ford is made aware of the essential facts underlying Plaintiffs' claims. It is unjust and unfair to permit Plaintiffs to try a significant products liability case in such a manner that the defendant is not aware of the essential factual basis of the claim and is thus precluded from effectively investigation and defending against the claims.

For the reasons set forth above, Ford requests that these Special Exceptions be granted, and that plaintiffs be given an appropriate but limited period of time within which to replead. If plaintiffs do not timely replead, Ford requests that the allegations in questions be stricken.

**D.**    **General Denial**

1.    Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleading, if Plaintiffs can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of Plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

**E.**    **Affirmative Defenses**

**Mexican Law**

2.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claims are governed by the law of the Republic of Mexico.

**Michigan Law**

3.    For further answer, if such be necessary, Ford alleges in the alternative that the governing law respecting Ford's liability is the product law of the State of Michigan. *See* MCL 600.2945; *Lawrenchuk v. Riverside Arena, Inc.*, 214 Mich. App. 431, 435; 542 N.W.2d 612 (1995); *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413; 326 N.W.2d 372 (1982); *Fisher v. Kawasaki Heavy Industries, Ltd.*, 854 F. Supp. 467 (E.D. Mich. 1994).

**Texas Law**

4.    Pleading further, and in the alternative, Ford states that in the event Texas law is applied, the following provisions of Texas law should be applied. Ford gives notice of its intent to rely on these defenses if Texas law be applied.

5.      For further answer, if such be necessary, Ford alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. Ford requests that the jury be instructed on all statutorily required elements of a "design defect case."

6.      For further answer, if such be necessary, Ford asserts that the subject vehicle met or exceeded all applicable government standards. As such, Ford is entitled to a presumption that it is not liable under a theory of strict products liability.

7.      For further answer, if such be necessary, Ford alleges that plaintiffs' claims for breach of warranty are barred by the applicable statute of limitations, having been asserted more than four years after original delivery of the vehicle.

8.      For further answer, if such be necessary, Ford specifically denies that notice of Plaintiffs' claims has been provided or that such conditions precedent have been met and Ford demand strict proof thereof as required by law. Indeed, Ford alleges that plaintiffs' claims for breach of warranty are barred on account of plaintiffs' failure to give notice as required by TEX. BUS. & COM. CODE § 2.607.

9.      For further answer, if such be necessary, Ford asserts that Plaintiffs' claims fail to state a claim upon which relief may be granted as a matter of law, including but not limited to the Plaintiffs' claims for punitive or exemplary damages to the extent asserted under the Texas Wrongful Death Act.

10.     For further answer, if such be necessary, Ford alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative

responsibility or failure to mitigate damages, by Plaintiffs' and/or their decedents' failure(s) to utilize available and functional safety restraint devises.

11. For further answer, if such be necessary, Ford requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the plaintiff, each settling person and each responsible third party who has been designated under § 33.004, TEX. CIV. PRAC. & REM. CODE,

12. For further answer, if such be necessary, Ford requests that in the event at the time of submission plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

13. For further answer, if such be necessary, Ford alleges that Plaintiffs may not recover any amount of damages if Plaintiffs' percentage of responsibility (or that of their decedents) is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.

14. For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Ford, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

15. For further answer, if such be necessary, with respect to Plaintiffs' allegation of punitive or exemplary damages, Ford alleges as follows:

a.    The applicable choice-of-law standards require that the punitive damage
      demands against defendant Ford Motor Company be determined under the
      law of Michigan, as Ford's principal place of business and the purported
      location of the alleged misconduct that would be punished by any punitive
      damages award.  Under Michigan law, "it is well established that generally
      only compensatory damages are available and that punitive sanctions may
      not be imposed. *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285
      (Mich. 1998)

b.    Ford states that Plaintiff's claim for punitive damages against Ford cannot
      be maintained, because an award of punitive damages under current Texas
      law would be void for vagueness, both facially and as applied.  Among
      other deficiencies, there is an absence of adequate notice of what conduct
      is subject to punishment; an absence of adequate notice of what
      punishment may be imposed; an absence of a predetermined limit, such as
      a maximum multiple of compensatory damages or a maximum amount, on
      the amount of punitive damages that a jury may impose, a risk that
      punitive damages will be imposed retrospectively based on conduct that
      was not deemed punishable at the time the conduct occurred, and it would
      permit and encourage arbitrary and discriminatory enforcement, all in
      violation of the due process clause of the Fourteenth Amendment to the
      United States Constitution, Article I, sections 13 and 19 of the Texas
      Constitution, and the common law and public policies of the State of
      Texas.

c.    Ford states that Plaintiff's claim for punitive damages against Ford cannot
      be maintained, because any award of punitive damages under Texas law
      would be by a jury that (1) is not provided standards of sufficient clarity
      for determining the appropriateness, and the appropriate size, of a punitive
      damages award, (2) is not adequately instructed on the limits on punitive
      damages imposed by the applicable principles of deterrence and
      punishment, (3) is not expressly prohibited from awarding punitive
      damages, or determining the amount of an award of punitive damages, in
      whole or in part, on the basis of invidiously discriminatory characteristics,
      including the residence, wealth, and corporate status of Ford, (4) is
      permitted to award punitive damages under a standard for determining
      liability for punitive damages that is vague and arbitrary and does not
      define with sufficient clarity the conduct or mental state that makes
      punitive damages permissible, and (5) is not subject to adequate trial court
      and appellate judicial review for reasonableness and furtherance of
      legitimate purposes on the basis of objective standards.  Any such verdict
      would violate Ford due process rights guaranteed by the Fourteenth
      Amendment to the United States Constitution and by the Article I, sections
      13 and 19, and would be improper under the common law and public
      policies of the State of Texas.

d.    Ford states any award of punitive damages based on anything other than
      Ford's conduct in connection with the design, manufacture, and sale of the

product that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of the Texas State Constitution, and would be improper under the common law and public policies of the State of Texas, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Texas In addition, any such award would violate principles of comity under the laws of the State of Texas.

e.    To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

f.    If Texas law is applied, Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with gross negligence, which Ford denies.  TEX. CIV. PRAC. & REM. CODE § 41.003;

g.    If Texas law is applied, Ford insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of "liability for and amount of exemplary damages" must be unanimous.

h.    In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

## F.    Reliance Upon Jury Demand

Ford hereby relies upon the Plaintiffs' jury demand.

WHEREFORE, defendant Ford Motor Company prays that Plaintiffs take nothing by this suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701-4043
(512) 472-5456
(512) 479-1169 (fax)

BY: _____
   Juan Alcala (Attorney-in-Charge)
   State Bar No. 24025222
   Ronald D. Wamsted
   State Bar No. 20832000

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this *23rd* day of January 2004.

**Via Certified Mail, Return Receipt Requested**

Juan Gonzalez
1300 N. 10th Street
Suite 400
McAllen, TX 78501

_____
Ronald D. Wamsted



**RAUL VASQUEZ**

JUDGE, 111th DISTRICT COURT

1110 VICTORIA SUITE #301 3RD FLOOR

LAREDO, TEXAS 78040

OFFICE (956) 523-4230

FAX (956) 523-5088

**ROBERTO A. MAGNON**

COURT COORDINATOR
(956) 523-4226

**DANIEL RAMOS, JI**

BAILIFF/INTERPRETE
(956) 523-4227

CAUSE NO.  2003CVQ001987 D2

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on the __2ND__ day of _____MARCH_____, 2004 at 2:00 p.m. at the 111th District Court, 3rd floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Raul Vasquez. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

If there are any questions regarding this matter please feel free to call our office at any time.

GERMAN HERNANDEZ GARCIA ETC AL

VS

FIRESTONE INC AND FORD MOTOR COMPANY

Roberto A. Magnon
Court Coordinator
111th District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GERMAN HERNANDEZ GARCIA | § | |
| INDIVIDUALLY AND AS REPRESENTATIVE | § | |
| OF THE ESTATE OF HERLINDA GUTIERREZ | § | |
| GUTIERREZ, DECEASED; AND AS NEXT | § | |
| FRIEND OF LINDA EDIURNE HERNANDEZ | § | |
| DE GUTIERREZ, MINOR | § | |
| | § | CIVIL ACTION |
| MARIA TERESA HERNANDEZ GARCIA, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | NO. _____ |
| OF TANIA GOMEZ HERNANDEZ, MINOR | § | |
| | § | |
| JAIME HERNANDEZ DURAN, INDIVIDUALLY | § | |
| AND AS REPRESENTATIVE OF THE ESTATE | § | |
| OF TERESA GARCIA MARTINEZ | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| FIRESTONE, INC. | § | |
| And FORD MOTOR COMPANY | § | |
| | § | |
| Defendants. | | |

## LIST OF COUNSEL OF RECORD

1.     Plaintiffs' counsel of record:

Juan A. Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th St. Suite 400
McAllen, Texas 78501
956/687-8181
956/687-8868 (fax)

2.      Counsel of record for Defendant Ford Motor Company:

        Ronald D. Wamsted
        BROWN McCARROLL, L.L.P.
        111 Congress Avenue
        Suite 1400
        Austin, Texas  78701
        (512) 472-5456
        (512) 479-1101 (fax)


3.      Counsel for Bridgestone/Firestone North American Tire, L.L.C.
        Don C. Griffin
        VINSON & ELKINS, L.L.P.
        2300 First City Tower
        1001 Fannin
        Houston, Texas 77002-6760
        (713) 758-2222
        (713) 758-2346


Vinson&Elkins V&E
ATTORNEYS AT LAW

VINSON & ELKINS L.L.P.
2000 FIRST CITY TOWER
1001 FANNIN STREET
HOUSTON, TEXAS 77002-6760
TELEPHONE (713) 758-2222
FAX (713) 758-2346
www.velaw.com

DON C. GRIFFIN
Direct Dial (713) 758-3508
Direct Fax (713) 615-5985
dgriffin@velaw.com

January 29, 2004

Juan Alcala                                           *Via Facsimile:  (512)479-1101*
BROWN McCARROLL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701-4043

Re:     Cause No. 2003-CVQ 001987 D2; *German Hernandez Garcia, et al. v. Firestone, Inc.,*
        *et al.*; In the 111th Judicial District Court of Webb County, Texas

Dear Mr. Alcala

Bridgestone/Firestone North American Tire, L.L.C. (successor to Bridgestone/Firestone, Inc.)
hereby consents to the removal of the state court action entitled *German Hernandez Garcia, et*
*al. v. Firestone  Inc., et al.*; Cause No. 2003-CVQ 001987 D2 in the 111th Judicial District
Court of Webb County, Texas to the United States District Court – Laredo Division.

Very truly yours,

VINSON & ELKINS L.L.P.

Don C. Griffin /kss

1501580_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GERMAN HERNANDEZ GARCIA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HERLINDA GUTIERREZ GUTIERREZ, DECEASED; AND AS NEXT FRIEND OF LINDA EDIURNE HERNANDEZ DE GUTIERREZ, MINOR | § § § § § § § | |
| MARIA TERESA HERNANDEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF TANIA GOMEZ HERNANDEZ, MINOR | § § § § | CIVIL ACTION NO. _____ |
| JAIME HERNANDEZ DURAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF TERESA GARCIA MARTINEZ | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| FIRESTONE, INC. And FORD MOTOR COMPANY | § § § § | |
| Defendants. | | |

## LIST OF COUNSEL OF RECORD

1.    Plaintiffs' counsel of record:

Juan A. Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th St. Suite 400
McAllen, Texas 78501
956/687-8181
956/687-8868 (fax)

2.       Counsel of record for Defendant Ford Motor Company:

Ronald D. Wamsted
BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas  78701
(512) 472-5456
(512) 479-1101 (fax)


3.       Counsel for Bridgestone/Firestone North American Tire, L.L.C.
Don C. Griffin
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin
Houston, Texas 77002-6760
(713) 758-2222
(713) 758-2346

This is a fax cover letter image.



Vinson&Elkins
ATTORNEYS AT LAW

VINSON & ELKINS L.L.P.
2400 FIRST CITY TOWER
1001 FANNIN STREET
HOUSTON, TEXAS 77002-6760
TELEPHONE (713) 758-2222
FAX (713) 758-2346
www.velaw.com

DON C. GRIFFIN
Direct Dial (713) 758-3508
Direct Fax (713) 615-5985
dgriffin@velaw.com

January 29, 2004

Juan Alcala                                   *Via Facsimile: (512)479-1101*
BROWN MCCARROLL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701-4043

Re:    Cause No. 2003-CVQ 001987 D2; *German Hernandez Garcia, et al. v. Firestone, Inc.,
       et al.*; In the 111th Judicial District Court of Webb County, Texas

Dear Mr. Alcala

Bridgestone/Firestone North American Tire, L.L.C. (successor to Bridgestone/Firestone, Inc.)
hereby consents to the removal of the state court action entitled *German Hernandez Garcia, et
al. v. Firestone Inc., et al.*; Cause No. 2003-CVQ 001987 D2 in the 111th Judicial District
Court of Webb County, Texas to the United States District Court – Laredo Division.

Very truly yours,

VINSON & ELKINS L.L.P.

Don C. Griffin /kss

1501580_1.DOC